UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL GOINS, | ) | CASE NO. 1:10CV924 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA PEARSON |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Defendant. | ) | |

This matter is before the undersigned on Plaintiff Paul Goins' ("Plaintiff") motion for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF Dkt. #25. Defendant Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), has filed a response opposing Plaintiff's motion, asserting that his position was substantially justified or, in the alternative, that Plaintiff's fee request is unreasonable. ECF Dkt. #28. For the following reasons, the undersigned recommends that the Court GRANT Plaintiff's application for attorney fees and ORDER attorney fees to be paid in the amount of $2,000.00. ECF Dkt. #25.

I.      **PROCEDURAL HISTORY**

On August 23, 2011, this Court adopted the undersigned's Report and Recommendation that the Court reverse judgment in favor of Defendant and remand Plaintiff's case to the Administrative Law Judge ("ALJ"). ECF Dkt. #s 21, 23. On September 22, 2011, Plaintiff filed the motion for attorney fees pursuant to the EAJA and requested $2,000.00 in attorney fees. ECF

Dkt. #25.  On October 20, 2011, Defendant filed a response opposing Plaintiff's motion, arguing

that Defendant's position was substantially justified and alternatively, that Plaintiff's fee request

was unreasonable.  ECF Dkt. #28.

## II.    LAW AND ANALYSIS

### A.    EAJA

The EAJA provides that a plaintiff shall be awarded attorney fees when he is the prevailing

party in a suit against the government, unless the government's position is substantially justified

or if special circumstances prevent an award.  28 U.S.C. § 2412(d)(1).  The district court has

discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103

S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

#### 1.    PREVAILING PARTY

Defendant apparently does not dispute that Plaintiff is a prevailing party.  The undersigned

recommends that the Court find that Plaintiff is indeed a prevailing party as the United States

Supreme Court has held that a social security claimant who is granted a reversal of his case with

remand of a final decision of the Social Security Administration ("SSA") under sentence four of

42 U.S.C. § 405(g) is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300, 113 S.Ct. 2625,

125 L.Ed.2d 239 (1993).

#### 2.    SUBSTANTIALLY JUSTIFIED

Defendant does contend that his position was substantially justified in this case.  ECF Dkt.

#28 at 4-5.  The standard for reviewing whether substantial justification exists for the

government's position is a lower standard than the substantial evidence standard that this Court

uses in determining whether the SSA's final disability decision should be upheld. *Pierce v.*

*Underwood*, 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 507 (6ᵗʰ Cir. 1998).  The standard of substantial justification means that the SSA's final decision is supported to a degree that would satisfy a reasonable person, even if it was not ultimately a correct position.  *Pierce*, 487 U.S. at 566.  The government's position must therefore have a "reasonable basis both in law and fact."  *Id.* at 559-560.  The government carries the burden of showing that its position met the substantial justification standard.  *E.W. Grobbel Sons., Inc. v. NLRB*, 176 F.3d 875, 878 (6ᵗʰ Cir. 1999).  In reviewing whether the "government's position" was substantially justified, the Court looks both at the position taken by the government in the civil action and at the action or failure to act by the agency upon which the civil action is based.  28 U.S.C. § 2412(d)(2)(D).

The undersigned recommends that the Court find that Defendant's position was not substantially justified in this case.  Defendant first asserts that it is significant that the Court granted remand on only one of Plaintiff's assertions of error.  ECF Dkt. #28 at 4.  It is true that Defendant prevailed on most assertions of error raised by Plaintiff.  However, the standard for determining substantial justification under the EAJA is not whether the Court found all of Plaintiff's assertions of error meritorious, but whether Defendant has met his burden of showing that his position has a reasonable basis in law and fact.  *Pickering v. Mukasey*, 306 Fed. Appx. 246, 248 (6ᵗʰ Cir. 2009).  Accordingly, the undersigned recommends that the Court find that the number of Plaintiff's assertions of error accepted or rejected by the Court has no bearing on the burden required by Defendant to show substantial justification for his position.

Defendant also asserts that this Court remanded the case based upon the failure of the ALJ to sufficiently articulate his credibility analysis and not based upon a failure to apply the sequential

-3-

analysis correctly.  ECF Dkt. #28 at 4.  Defendant cites *Anderson v. Commissioner of Social Security* for the proposition that "when a court is considering an award of attorney's fees to a prevailing party under the EAJA, the question is not whether the ALJ gave adequate articulation for his findings, but rather it is whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record."  ECF Dkt. #28 at 4, citing 198 F.3d 244 (6th Cir. 1999).

In *Anderson*, the Sixth Circuit stated:

> The issue, when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record. In the present case, the district court did not find that the ALJ had erred in denying disability benefits based on a failure to apply the sequential analysis correctly, but merely indicated that the court did not feel that the ALJ's opinion was explicit enough in regard to whether or not claimant Christopher met a listed impairment.

1999 WL 1045072 at *4.  Ultimately, the *Anderson* Court held: "we find that the government had a rational ground for defending the denial of benefits, even though the ALJ's opinion was not sufficiently explicit." *Id.* at *5.

The undersigned recommends that the Court find that the instant case was remanded for more than a mere articulation error and is thus distinguishable from *Anderson*.  Here, the Court adopted the undersigned's Report and Recommendation which found that the ALJ's selective choosing of only favorable evidence to his finding and his reference to only one of the relevant SSR 96-7p pain analysis factors rendered the pain analysis inadequate.  ECF Dkt. #21 at 11-12. The Court further adopted the undersigned's recommendation that the Court find that "without additional explanation in his decision...the ALJ has failed to follow agency regulations and rules." ECF Dkt. #21 at 11-12, adopted by ECF Dkt. #23.  The undersigned notes that Defendant filed a

response to the undersigned's Report and Recommendation indicating that he would not be filing objections to the Report and Recommendation.  ECF Dkt. #22.

Thus, the Court found that the ALJ had done more than just commit an articulation error. The Court found that the ALJ failed to follow agency procedures and regulations.  Accordingly, Defendant had no basis in law for defending a deficient opinion.  *See Mischka v. Astrue*, No. 1:09CV2291, 2010 WL 4923093, at *2 (N.D. Ohio Nov. 29, 2010)("The government's litigation position must have a reasonable basis in law *and* fact.  Where there might be sufficient factual evidence in the record to support an ALJ's decision, the government's decision to defend a deficient opinion is not thereby rendered *per se* reasonable.").

For these reasons, the undersigned recommends that the Court find that Defendant's position was not substantially justified.

### 3.    NO SPECIAL CIRCUMSTANCES

The Court finds that this case does not involve any special circumstances that would make an award of fees unjust.  Accordingly, the Court should find that Plaintiff is entitled to an award of attorney fees under the EAJA.

### B.    REASONABLENESS OF FEES AND COSTS

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if that fee is reasonable.  *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990).   The EAJA permits an award only of reasonable attorney fees.  *See* 28 U.S.C. §2412(d)(2)(A).  Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).  Courts may award higher fees, but only if "the court determines that an increase in the cost

of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id.*, quoting 28 U.S.C. § 2412(d)(2)(A)(ii).  The burden lies with the fee applicant to establish the entitlement to an award of fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The decision to make adjustments to the hourly rate based upon increases in the Consumer Price Index ("CPI") as to the cost of living are left to the sound discretion of the district court.  *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)(citations omitted).

Defendant challenges the reasonableness of the attorney fees requested by Plaintiff.  ECF Dkt. #28 at 5.  Defendant asserts that Plaintiff billed for "reviewing non-substantive notifications from the court" such as receiving and reviewing forms and court orders.  *Id.*  Defendant contends that these actions "did little, if anything, to advance Plaintiff's case and would not be appropriately billed to a private client."  *Id.*

Defendant does not identify the non-substantive notifications or the forms and court orders on the billing statement that he finds unreasonable.  Upon review of the billing statement, the undersigned notes nine line items that Defendant may be questioning.  Eight of the nine items are billings for six minute increments each regarding matters such as receiving and reviewing in forma pauperis forms, consent to Magistrate Judge jurisdiction forms, briefing schedules, and a motion for extension of time.  These entries are dated April 15, 2010, May 13, 2010, June 22, 2010, September 24, 2010, and October 8, 2010.  ECF Dkt. #25 at 5.  The ninth entry is dated April 29, 2010 and reads "Prepare and mail Consent to Magistrate to US Atty."  *Id.*

The undersigned recommends that the Court find that the amount of time spent upon review of these notices is reasonable.  "It is not unreasonable for a diligent attorney to spend a few minutes reviewing the electronic notice of documents filed with the Court."  *Norman v. Astrue*, No.

-6-

1:08-CV-2531, 2010 WL 5636718, at *2 (N.D. Ohio June 29, 2010).  Moreover, the Court should

find that a total of a little over an hour of time spent and billed for reviewing the notices is

reasonable, considering the total number of hours spent on this case, 16 hours, and the fact that

Defendant fails to cite authority supporting his assertion that said time is unreasonable or unable

to be billed to a private client or to an opponent.  *See Garcia v. Astrue*, 2011 WL 2110297, at *3

(N.D. Ohio May 25, 2011)(finding billing table of claimant's attorney that included six minute

increments for reviewing and noting court notifications reasonable in light of total number of hours

spent on case, Commissioner's lack of legal authority supporting a contention that said time spent

is unreasonable or that it is inappropriate to bill client or charge an adversary for time spent

reviewing such notifications).

     For these reasons, the undersigned recommends that the Court find that the hours and fees

requested by Plaintiff for attorney fees is reasonable.

### C.     PAYMENT OF ATTORNEY FEES TO COUNSEL OR TO CLAIMANT

     The undersigned notes that Defendant does not challenge whether the attorney fees should

be paid directly to Plaintiff or to his counsel as the assignee of Plaintiff.  However, Plaintiff

requests in his motion for attorney fees that the Court directly award his counsel the attorney fees.

ECF Dkt. #25 at 3.

     In *Astrue v. Ratliff*, the United States Supreme Court held that an EAJA award "is payable

to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the

litigant owes the United States." 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010).  The Court held that

the plain text of the EAJA requires that payment of attorney fees be made to the claimant and not

to the claimant's attorney.  *Id*. at 2526-2527.  The Court explained that the fact that the claimant's

"attorney may have a beneficial interest or contractual right" to the fees does not mean that the

statute provides for direct payment to the attorney. *Id.* The Supreme Court thus held that an EAJA attorney fee award is payable to the claimant and is "subject...to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 2527.

In this case, the undersigned notes that Plaintiff has attached to his EAJA application for attorney fees a copy of his assignment of the right to that fee to his counsel. ECF Dkt. #25-1. "The question then becomes whether Plaintiff's assignment differentiates this case from *Ratliff*." *Bates v. Comm'r of Soc. Sec.*, 2011 WL 2149349, at *3 (N.D. Ohio Apr. 27, 2011). In *Bates*, United States Magistrate Judge Knepp of this District noted that courts within our Circuit have reached varying conclusions as to whether a court may order direct payment of EAJA attorney fees to the attorney when an assignment exists. *Id.*, citing *Cutler v. Astrue*, No. 1:10CV343, 2011 WL 901186, *1 (N.D.Ohio Mar. 14, 2011)(fees payable directly to attorney "after the defendant has completed its customary investigation into any outstanding federal debts owed by the plaintiff"); *Snyder v. Comm'r of Soc. Sec.*, No. 1:06CV2737, 2011 WL 66458, at *3 (N.D.Ohio Jan 10, 2011)(attorney fees payable to claimant); *Boop v. Astrue*, No. 3:10CV22, 2011 WL 1234861, at *4–5 (S.D.Ohio Mar. 11, 2011)(district court adopted report and recommendation awarding fees but remaining silent regarding to whom such fees should be paid); *Hilker v. Astrue*, No. 3:09CV186, 2010 WL 5553980, at *1 (S.D.Ohio Dec. 3, 2010)(district court adopted report and recommendation that EAJA fees were payable directly to counsel based on assignment because government failed to identify any preexisting debt). Magistrate Judge Knepp found that the courts were consistent in applying *Ratliff* as to requiring first that the EAJA award be subject to offset for any preexisting federal debt. *Bates*, 2011 WL 2149349, at *3.

Defendant has previously challenged the payment of EAJA attorney fees directly to counsel in some cases and has also agreed to direct payment of fees in other cases. Defendant presents no

challenge in this case to the direct payment of attorney fees to Plaintiff's counsel.  However, the undersigned recommends that the Court require Defendant to follow the same procedure that he has followed in other cases, which is to determine whether Plaintiff owes a preexisting debt and offset that debt within 30 days from the date of the Court's Order and thereafter directly pay to Plaintiff's attorney the balance to be credited toward attorney fees.

## III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT Plaintiff's motion for the award of attorney fees pursuant to the EAJA and award the amount of $2,000.00 for attorney fees relating to the above-captioned case.  ECF Dkt. #25.

Date: October 31, 2011                          */s/George J. Limbert*
                                                GEORGE J. LIMBERT
                                                U.S. MAGISTRATE JUDGE